WARNER SUGAR REFINING CO. *vs.* METROPOLITAN WHOLE-SALE GROCERY CO.

JULY 9, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

SWEETLAND, C. J. This is an action of the case in assumpsit to recover damages for the defendant's alleged breach of a contract for the purchase of sugar from the plaintiff.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff. Without filing a motion for new trial the defendant duly prosecuted a bill of exceptions to this court, stating therein exceptions to certain rulings of said justice made in the course of the trial. At the hearing before us the defendant relied only upon the fourth exception stated in its bill.

The alleged contract which is the basis of the plaintiff's claim was for the sale and delivery of sugar of the value of over six thousand dollars. The plaintiff's right of recovery is affected by the provisions of the statute of frauds with reference to the sale of goods. The act provides that a contract concerning the sale of goods of over five hundred dollars value shall not be enforcible by action, unless the buyer accept and receive part of the goods, or gives some-

thing in part payment, or gives something in earnest to bind the contract "or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf." Section 4 (1), Chapter 305, General Laws 1923. The last provision of the paragraph, quoted, is pertinent to the matter here.

The firm of Arthur L. Johnson Company acts as a merchandise broker in Providence. The plaintiff is a corporation engaged in the business of refining sugar in New Jersey with a place of business in New York City. The defendant is in the wholesale grocery business in Providence. One of the issues of fact raised by the evidence is whether in the transaction in question the Johnson Company was acting as agent of the defendant or as a broker for the plaintiff.

The plaintiff introduced the following letter of the defendant, claiming it to be the defendant's offer in writing signed by the defendant, which the plaintiff accepted, and which constituted a written memorandum of the contract in accordance with the requirement of the statute:

"June 24, 1920.

Arthur L. Johnson Company,
81 Dyer Street,
Providence, R. I.

Gentlemen:

Replying to your letter of the 23rd we wish that you would place our order for 75 barrels of fine granulated sugar August and September shipment at twenty four cents a pound. We would like to have twenty five barrels 15%-100 pound sacks and the balance in two pound packages.

Yours very truly,

Metropolitan Wholesale Grocery."

The exception of the defendant upon which it now relies is to the following instruction of the justice to the jury:

"Now in this case the party to be charged, if any party is to be charged, is the defendant, the Metropolitan Wholesale Grocery Co. and on its letter head of the 24th day of June, 1920, it states in substance its offer of what it desires, namely, seventy-five barrels of fine granulated sugar, August and September shipment twenty-four cents per pound, and further goes on and says, that they would like it in twenty-five barrels, fifteen per cent in one hundred pound sacks and the balance of two pound packages. Signed by the Metropolitan Wholesale Grocery Co. If you find that this offer was accepted either through Mr. Johnson as broker or by the Warner Sugar Refining Co. in the ordinary course of business, the Warner Sugar Refining Co. thereby binding itself to carry out this order, then I say to you Mr. Foreman and Gentlemen that this is a sufficient memorandum to satisfy the statute of frauds."

Most of the points of law urged before us by the defendant are not raised by this exception, nor does it bring to us for review the jury's finding upon controverted questions of fact. The justice instructed the jury at some length as to the opposing claims of the parties with regard to the position which the Arthur L. Johnson Company occupied in the transaction. In the absence of a motion for new trial the apparent finding of the jury upon that question can not be disturbed. The objection which the defendant has suggested that the justice failed to charge the jury with sufficient fullness upon the bearing which certain principles involved in the statute of frauds would have upon the jury's consideration of the case can not be considered. If not satisfied with the charge in that regard the defendant should have requested more specific instructions.

The question raised by the exception before us is narrow. Was it error to instruct the jury that if the offer contained in the defendant's letter of June 24, 1920, was accepted through Mr. Johnson as broker or by the plaintiff in the ordinary course of business, it is a sufficient memorandum to satisfy the statute of frauds? The justice submitted to

the jury the question of fact whether in this transaction the Johnson Company was the agent of the defendant or the broker of the plaintiff. The letter was properly termed an offer, if addressed either to the plaintiff or to the Johnson Company, provided that company was found to be the plaintiff's broker. If in those circumstances the offer was accepted by either of them the letter became part of a binding contract and was a sufficient memorandum of it. The instruction was a correct statement of law applicable to the issues in the case.

The consideration of the exception does not require us to search the evidence to ascertain the nature of the acceptance of the offer or whether the jury were warranted in finding that there was any acceptance. The defendant did not ask for instructions to the jury as to what in law would amount to a binding acceptance of the terms of the offer; nor can he now urge the insufficiency of the evidence. If the jury did erroneously take the communication of June 29, 1920, from Johnson to the defendant as an acceptance the defendant is without remedy here.

Although the matter is not strictly before us we have given attention to the defendant's contention that the terms of the Johnson communication of June 29, 1920, presented such a departure from the terms of the defendant's offer that no contract was consummated thereby. The defendant complains that while its letter of June 24, 1920, calls for "August —September shipment" the terms of the Johnson communication were "Shipment—our option—August, September." As the offer did not specify that the shipment was to be on the buyer's option a fair construction of the terms of the offer would be that the option as to the particular dates of shipment in the months of August and September would be in the shipper. The defendant also calls our attention to the fact that the offer was silent as to freight charges. While the Johnson letter contains the expressions, "F. O. B. N. Y." this is not a variation from the legal effect of the terms of the offer. Under the Rhode Island Sales Act,

Section 3, Chapter 307, General Laws 1923, in the absence of an agreement to the contrary the place of delivery is the seller's place of business.

As we have thus extended the consideration of this exception to include the defendant's objection to the form of what may have been found to be the written acceptance, we feel warranted also in noting the uncontradicted statement of the plaintiff's counsel, that, although after the communication of the acceptance to the defendant there were frequent communications regarding this matter between the defendant and the Johnson Company, the record fails to disclose that the defendant ever suggested a repudiation of the contract on the ground that there was a variation between the terms of the offer and the terms of the acceptance.

The defendant's exception is overruled. The case is remitted to the Superior Court for the entry of judgment on the verdict.

*Edward C. Stiness, Daniel H. Morrissey, Francis J. O'Brien, for plaintiff.*

*McGovern & Slattery, Fred B. Perkins,* for defendant.

